**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2450

UNITED STATES,

Appellee,

v.

JOSE DURAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell and Stahl, Senior Circuit Judges.

Peter J. Cyr and Law Offices of Anthony J. Sineni, III, LLC
on brief for appellant.
Margaret D. McGaughey, Appellate Chief and Paula D. Silsby,
United States Attorney on brief for appellee.

January 12, 2006

**Per Curiam**. Appellant, Jose Duran, was convicted of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) & 846. He now appeals both his conviction and sentence.

In addition, on November 21, 2005, appellant filed a motion to relieve his attorney requesting that we provide him a copy of a 28(j) letter filed by the government and grant him leave to refile his pro se supplemental brief. Refiling is unnecessary, however, because we are in receipt of his September 23, 2005 pro se supplemental brief and have considered the claims raised therein, as well as the claims raised in the supplemental brief, reply brief and merits brief filed through his counsel on his behalf. Moreover, we have provided appellant a copy of the 28(j) letter. Accordingly, the motion is denied.

Further, he filed on December 5, 2005 and December 16, 2005 motions claiming that the District Court in Maine lacked jurisdiction because appellant was indicted for a crime that allegedly took place solely in Massachusetts. The facts of the presentence report detailing the instant offense--to which appellant did not object below--belie appellant's argument. They indicate that appellant engaged in a conspiracy to provide drugs that were to be sold in Maine. Accordingly, we deny the motion and turn to his appeal. See 18 U.S.C. § 3237 ("Offenses begun in

-2-

one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.").

## I. Appeal of the Conviction

We first address his appeal of his conviction, which largely consists of waived claims. Appellant argues that the district court erred in relying upon police reports to conclude that he was previously convicted of his prior convictions. Appellant, however, waived the claim when appellant's counsel withdrew his objection concerning the evidence presented by the government in support of the prior convictions and when appellant admitted that the facts in the presentence report are undisputed.

Likewise, appellant waived his argument that the district court erred in allowing him to plead guilty to an indictment that was not supported by sufficient evidence and which was based on perjured statements. See United States v. Lujan, 324 F.3d 27, 30 (1st Cir. 2003) (a guilty plea waives all nonjurisdictional challenges to a criminal conviction); United States v. Cotton, 535 U.S. 625, 629-631 (U.S. 2002)(concluding claim that indictment was defective because it failed to include drug quantity was not jurisdictional).

Though related, appellant's claim that his plea was involuntary is not waived, however. In particular, appellant asserts his plea was involuntary because the court failed to

establish the factual basis for his plea.  See Fed. R. Crim. P. 11(b)(3) (stating, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.").  We review Rule 11 challenges raised for the first time on appeal only for plain error.  See United States v. Cheal, 389 F.3d 35, 40 (1st Cir. 2004).  After reviewing the record, we conclude there was no plain error here because appellant's plea had a rational basis in facts that he conceded.  See United States v. Serrano-Beauvaix, 400 F.3d 50, 53 (1st Cir. 2005).

Appellant also waived his claims that his guilty plea cannot be accepted because venue was not proper.  See United States v. Lujan, 324 F.3d 27, 30 (1st Cir. 2003) (a guilty plea waives all nonjurisdictional challenges to a criminal conviction); United States v. Meade, 110 F.3d 190, 200 (1st Cir. 1997) (stating, "[w]e have further recognized that venue is a waivable personal privilege designed for the benefit of the defendant.  As such, the constitutional and statutory venue provisions are not restrictions on the court's jurisdiction.") (citations omitted).

In addition, he claims that his counsel ineffectively assisted him.  "The rule in this circuit is that a fact-specific claim of ineffective legal assistance cannot be raised initially on direct review of a criminal conviction, but must originally be presented to the district court."  United States v. Grace, 367

-4-

F.3d 29, 37 (1st Cir. 2004) (internal quotation marks omitted). We will deviate from this rule "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an ineffective assistance claim." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). Appellant's fact-intensive claim does not fit into the exception to the rule.

II.   Appeal of the Sentence

We now turn to appellant's challenges to his sentence. He first argues that the district court erred in failing to exercise its discretion to grant a downward departure. He concedes, however, that he did not request a departure below. We lack jurisdiction to review a sentencing court's refusal to depart downward based on its belief that the defendant's circumstances fail to warrant such a departure. See United States v. Melendez-Torres, 420 F.3d 45, 50-51 (1st Cir. 2005); see also United States v. Monteiro, 417 F.3d 208 (1st Cir. 2005) (declining to review a sentencing judge's refusal to grant a downward departure where the judge did not evince an understanding that he was constrained from doing so). Here, the judge gave no indication that the guidelines constrained him from granting a departure, so we cannot consider the claim. See id.

Appellant further argues that the district court erred in sentencing him as a career offender pursuant to U.S.S.G. §

-5-

4B1.1. Guidelines section 4B1.1 sets forth three criteria for "career offender" status: (1) the defendant was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Here, the PSR shows that he was 29 years old when he committed the instant offense and that he had a prior conviction for trafficking possession of marijuana, a prior conviction for trafficking and possession of cocaine and heroin, and a conviction for assault and battery and possession of cocaine. In addition, there is no doubt that the instant offense is a felony that is a controlled substance offense. Accordingly, the three criteria are met, and the district court did not err in sentencing appellant as a career offender.

Lastly, appellant raises a claim pursuant to United States v. Booker, 125 S.Ct. 738 (2005), and with greater success. Though the government disputes whether the district court concluded that the guidelines were mandatory, it is clear to us from the record that the court acted as if it was bound by mandatory guidelines when it sentenced appellant. Because appellant preserved the claim by timely challenging the constitutionality of the guidelines, the government has the burden of proving the harmlessness of the district court's error.

See United States v. Vazquez-Rivera, 407 F.3d 476, 488-490 (1st Cir. 2005).

The government argues that the error was harmless because appellant's counsel conceded that the statutory minimum of ten years likely "would not be enough" in light of appellant's record. We disagree. Over ten years separates appellant's actual sentence and the statutory minimum, so there is plenty of room for a lesser sentence that accommodates appellant's counsel's concession. The government also argues that, in stating the sentence was "something that you have brought upon yourself by your past criminal conduct," the sentencing judge indicated that he did not feel constrained by the guidelines.

This argument would have more weight were it not for the fact that the sentencing judge made several statements that indicated he felt constrained, "[i]t doesn't give me any pleasure to impose a sentence of 262 months on a 30-year-old-man" and, "I don't say that to berate you, simply [it] is the fact that this is the law that Congress has imposed because of the scourge of drugs like heroin and other drugs . . . it is a huge sentence . . . it's a great tragedy for you and your family." The fact that the judge sentenced appellant to the bottom of the guidelines range would not alone warrant a remand but, in conjunction with the judge's statements, adds to our concerns. See United States

v. <u>Casas</u>, 425 F.3d 23, 102 (1st Cir. 2005) (doubt enhanced by sentence at bottom of range).

Lastly, the government claims that the sentence is reasonable in light of appellant's extensive criminal record. Even if we were to consider at this stage the reasonableness of the sentence, the government's argument goes little distance towards establishing that the district court's error was harmless because it is possible that a lesser sentence would meet the statutory requirements. <u>See</u> 18 U.S.C. § 3553. Accordingly, we believe the <u>Booker</u> error here was not harmless.

To conclude, we <u>deny</u> appellant's motion to relieve his attorney and motion for review of jurisdiction, <u>affirm</u> the conviction, <u>vacate</u> the sentence, and <u>remand</u> for resentencing consistent with this opinion. The remand is not a suggestion or a prediction that the sentence will necessarily be altered.

<u>It is so ordered</u>.